**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 17-00320-6 |
| CHRISTIAN SIBERIO-RIVERA | |

**PAPPERT, J.**                                          **December 15, 2020**

**<u>MEMORANDUM</u>**

Christian Siberio-Rivera moves for compassionate release.  The Court denies the Motion because extraordinary reasons do not warrant Siberio-Rivera's release.

I

On April 19, 2018, Siberio-Rivera pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, distribution of a controlled substance within 1,000 feet of a school or playground and distribution of controlled substances for his participation in an organization that transported over twenty-five kilograms of cocaine from Puerto Rico to the Allentown, Pennsylvania area.  (Plea Agreement 1, ECF No 146); (Judgment 1, ECF No. 184); (Gov't Resp. 2, ECF No. 372.)  His role was to coordinate drug payments and orchestrate the receipt of drugs in Allentown.  (Gov't Resp. 2.)  On at least one occasion, he traveled to Puerto Rico to coordinate a payment collection.  (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court sentenced Siberio-Rivera to the mandatory minimum 120 months' imprisonment.  *See* (Judgment 2); (Plea Agreement 3).  So far, counting accrued good time credit, he has served approximately forty-six months of his sentence.  (Gov't Resp. 3.)  During that time he has committed several infractions.  (*Id.*).  His current anticipated release date is January 18, 2026.  (*Id.*)

On August 16, 2020, Siberio-Rivera petitioned the warden at FCI Allenwood Low for compassionate release so that he could care for his parents who live in Puerto Rico, are over

sixty-five years old and are "severely ill." (*Id.*)  The warden denied the request.  (Mot. for Release 1–2, ECF No. 367.)  Having exhausted his prison remedies, Siberio-Rivera now moves *pro se* for compassionate release on the same basis.[1]

## II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  An inmate "has the burden to prove extraordinary and compelling reasons exist" warranting his release.  *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).  Before granting compassionate release, a court must "consider[] the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A).  Relevant factors include "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense" and "protect the public from further crimes of the defendant."  *Id.* § 3553(a)(1), (2)(A), (C).

Siberio-Rivera has not met his burden of proving extraordinary and compelling reasons exist for his release.  He provides no information regarding his parents or their condition in his two-page Motion other than that they are "seriously ill."  *See generally* (Mot. for Release).  And, in any event, "[j]udges in this District have yet to find care for elderly or ill parents r[i]ses to the level of extraordinary and compelling circumstance warranting release."  *United States v. Moore*, No. 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020); *see also United States v. Gaskin*, No. 15-352, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) (the desire to care for elderly parents does not qualify as an extraordinary circumstance); *United States v. Ingram*, No. 2:14-cr-40, 2020 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents.  Such

---

[1]    The Federal Community Defender Office declined to seek compassionate release on Siberio-Rivera's behalf.  *See* (Order Referring Motion for Release, ECF No. 368); (Letter Declining to Seek Release, ECF No. 371).

circumstance is not extraordinary."); Application Note 1 to U.S.S.G. § 1B1.13 (limiting qualifying family circumstances to death or incapacitation of the caregiver for the defendant's minor child or incapacitation of the defendant's spouse or registered partner). Having asserted no other basis for relief, the Court cannot conclude Siberio-Rivera's release is appropriate.[2]

Even if extraordinary and compelling reasons existed, the § 3353(a) factors counsel against releasing Siberio-Rivera. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release because "the § 3353(a) factors weigh[ed]" against release). He earned his sentence by facilitating the injection of substantial amounts of cocaine into the community. Releasing him after serving less than half his sentence would overlook the seriousness and the nature and circumstances of his offense. *See* 18 U.S.C. § 3553(a)(1), (2)(A). And given Siberio-Rivera's past disregard for the public's health and safety, the Court believes he remains a danger to the community. *See id.* § 3553(a)(2)(C).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2]     Although Siberio-Rivera does not assert any argument for compassionate release based on his own health, the Government obtained his medical records from the Bureau of Prisons for the past year and asserts he is "28 years old, presents no medical issues, and is in good health." (Gov't Resp. 4.)