IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. 17-320-6 |
| CHRISTIAN SIBERIO-RIVERA | |

**PAPPERT, J.**                                               **July 8, 2022**

## **MEMORANDUM**

Christian Siberio-Rivera moves for reconsideration of the Court's December 15, 2020 Order denying his prior request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies his motion.

I

A

The factual and procedural history of Siberio-Rivera's case is detailed in the Court's prior Memorandum. (ECF 374). In summary, he was sentenced to 120 months imprisonment for coordinating payments and orchestrating the receipt of drugs in a conspiracy to distribute cocaine. (*Id.* at 1.) He has served roughly half his original sentence. His original *pro se* motion sought compassionate release based on his desire to care for his parents but only because they were over age 65 and "seriously ill." (ECF 367.) Absent further information, the Court held he had not met his burden of proving extraordinary and compelling reasons justifying his release. (ECF 374.) The Court also found early release would not align with the 18 U.S.C. § 3553(a) factors.

B

Siberio-Rivera's motion for reconsideration seeks relief based on evidence about his father's condition that was not included in his initial request for compassionate

relief.  (ECF 398.)  It includes a letter (in Spanish) from a cardiologist at the Centro Cardiovascular de Puerto Rico y del Caribe explaining that his father received a heart transplant on October 16, 2019 and requires ongoing care including, as necessary, biopsies, catheterizations, labs and rehabilitation.  (ECF 398 at 4, 7.)

Siberio-Rivera also attaches two pages of a report documenting his father's July 2, 2021 admission to the Centro Cardiovascular for "persistent diarrhea and dehydration."  (*Id.* at 9-10.)  His father was discharged after treatment with an antiviral and twelve days of antibiotics.  (*Id.* at 10.)  A third document lists other hospitalizations for acute diverticulitis in April and July 2020 and "humoral rejection" in June 2020.  (*Id.* at 8.)  His father is also reported to suffer from diabetes, diabetic neuropathy, asthma, sleep apnea and major depressive disorder and anxiety among other conditions.  (*Id.*)

Siberio-Rivera's motion includes no information about the status of other available caregivers, including his mother and a sister who resided in Puerto Rico at the time of his presentence report.  (ECF 401 at 2.)

## II

### A

A court may grant a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) if the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Processed Egg Prod. Antitrust Litig.*, 962 F.3d 719, 729 (3d Cir. 2020) (citation omitted).

### B

A district court may reduce an inmate's sentence as a form of compassionate

release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the "need for the sentence imposed – to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

### III

### A

To the extent Sibiero-Rivera's motion seeks reconsideration under Rule 59(e), it is untimely. Rule 59(e) motions must be filed no later than twenty-eight days after the entry of a judgment. Fed. R. Civ. P. 59(e). The Court denied his motion for compassionate release on December 15, 2020. (ECF 375.) Siberio-Rivera filed the motion now before the Court on December 8, 2021. (ECF 398.)

### B

To the extent Siberio-Rivera's motion can be considered another motion for compassionate release, it does not meet 18 U.S.C. § 3582(c)(1)(A)'s requirements – even with the "new evidence" he attaches to his motion. A heart transplant is undoubtedly a significant medical procedure requiring ongoing care. But Siberio-Rivera has not

presented any evidence that he is the only available caregiver for his father. *See United States v. Ellsworth-Daway*, No. 17-506, 2021 WL 2823081, at *3 (E.D. Pa. July 7, 2021) (finding there was no extraordinary circumstance requiring compassionate relief without evidence the defendant alone could care for his ailing mother). As the Court previously explained, the need to care for elderly or ill parents is not something, on its own, that rises to the level of extraordinary and compelling circumstance warranting release. (ECF 374 at 2-3.) *See United States v. Fanelli*, 18-543, 2022 WL 2440793, at *8 (E.D. Pa. July 5, 2022); *United States v. Moore*, No. 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020); *see also United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) ("caring for aging parents is not grounds for release"); *United States v. Ingram*, No. 14-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all, inmates have aging and sick parents. Such circumstance is not extraordinary.")

Even if Siberio-Rivera's latest argument was enough to show an extraordinary circumstance justifying his release, the 3355(a) factors still weigh against granting relief. His actions supported the cocaine trade and its destructive influence on his community. Reconsideration does not alter the Court's opinion that he remains a danger to the community and that an early release would overlook the seriousness and the nature and circumstances of his offense.

An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.